Prob 12C
(Rev. 1/06 D/HI)

ORIGINAL

**SEALED BY ORDER OF THE COURT**
United States District Court

for the

**DISTRICT OF HAWAII**

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

FEB 0 1 2007

at 2 o'clock and 55 min P M
SUE BEITIA, CLERK

U.S.A. vs. ANDREW BURTON, JR.　　　　　　Docket No. CR 00-00444SOM-02

**REQUEST FOR COURSE OF ACTION**
(Statement of Alleged Violations of Supervised Release)

COMES NOW MERILEE N. LAU, PROBATION OFFICER OF THE COURT, presenting an official report upon the conduct and attitude of ANDREW BURTON, JR. who was placed on supervision by the Honorable Susan Oki Mollway sitting in the Court at Honolulu, Hawaii, on the 16th day of April 2001, who fixed the period of supervision at 5 years and imposed the general terms and conditions theretofore adopted by the Court and also imposed special conditions and terms as follows:

1. That the defendant participate in a substance abuse program, which may include drug testing at the discretion and direction of the Probation Office.

2. That the defendant is prohibited from possessing any illegal or dangerous weapons.

3. That the defendant shall provide the Probation Office and the Financial Litigation Unit of the U.S. Attorney's Office access to any requested financial information to include submitting to periodic debtor's examinations as directed by the Probation Office.

4. That the fine of $1,500.00 is due immediately. If the defendant is unable to pay immediately, any remaining balance upon release from confinement be paid during the period of supervision on an installment basis according to the collection policy of the Probation Office but at rate of not less than 10 percent of his monthly gross income. Interest, if applicable, is waived while the defendant is serving his term of imprisonment and shall commence to accrue on any remaining balance upon his release on supervision.

    **Modification:** On 6/14/2005, the Court modified the supervised release conditions and imposed the following additional special condition:

5. That the defendant be placed in Mahoney Hale, a community corrections center, for up to 180 days at the discretion and direction of the Probation Office. The defendant shall participate in the programs at Mahoney Hale to include employment and job-training opportunities.



**Revocation:** On 5/23/2006, the Court revoked the offender's supervised release for the following violations: 1) positive urine specimen for cocaine, THC, amphetamine and methamphetamine; 2) admitted to smoking crack cocaine every other day since 11/20/2005; 3) refused to comply with drug testing; 4) failed to submit monthly supervision reports; 5) failed to report as instructed by the probation officer; and 5) failed to enter The Salvation Army Adult Rehabilitation Center as instructed by the probation officer. The Court sentenced him to 8 months imprisonment and 52 months supervised release with the following special conditions:

1. That the defendant shall participate in and comply with substance abuse treatment which includes drug and alcohol testing in a program approved by the Probation Office. The defendant is to refrain from the possession and/or use of alcohol while participating in substance abuse treatment.

2. That the defendant execute all financial disclosure forms, and provide the Probation Office and the Financial Litigation of the U.S. Attorney's Office access to any requested financial information to include submitting to periodic debtor's examinations as directed by the Probation Office.

The Court also ordered that the fine of $1,500.00 is due immediately except that the defendant may use the funds that he presently has for his personal needs while he is incarcerated. Any remaining balance that remains owing when the defendant is released from confinement shall be paid using the amounts that the defendant has in his prison account. If the defendant does not have enough to clear the fine, then any remaining balance upon release from confinement be paid during the period of supervision on an installment basis according to the collection policy of the Probation Office but at a rate of not less than 10 percent of his monthly gross income.

**Modification:** On 1/11/2007, the Court modified the supervised release conditions and imposed the following special condition: 3) That the defendant be placed in Mahoney Hale, a residential reentry center, for up to 180 days at the discretion and direction of the Probation Office. The defendant shall participate in the programs at Mahoney Hale to include employment and job-training opportunities.

**RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS:**

<u>Alleged Violation(s) of Supervised Release</u>

That the subject has violated the conditions of his supervised release (Judgment attached) as follows:

1. That on 1/30/2007, the offender was discharged from the Mahoney Hale residential reentry center as a program failure when he failed to returned to the center, in violation of Special Condition No. 3.

Prob 12C
(Rev. 1/06 D/HI)

3

2. That the defendant failed to notify the probation officer of a change in residence and his whereabouts are unknown, in violation of Standard Condition No. 6.

Based on the above, the U.S. Probation Officer recommends that a NO BAIL Warrant be issued and that the subject be brought before the Court to show cause why supervision should not be revoked.

---

PRAYING THAT THE COURT WILL ORDER ONE OF THE FOLLOWING COURSES OF ACTION:

[X] The issuance of a NO BAIL warrant and that the subject be brought before the Court to show cause why supervision should not be revoked. The NO BAIL warrant and this Petition to be sealed for other than law enforcement purposes and until such time that the subject has been arrested and the warrant duly executed.

[ ] Other

I declare under penalty of perjury that the foregoing is true and correct

Executed on 1/31/2007

MERILEE N. LAU
U.S. Probation Officer

Approved by:

GENE DeMELLO, JR.
Supervising U.S. Probation Officer

Prob 12C
(Rev. 1/06 D/HI)

4

## ORDER OF COURT

THE COURT ORDERS the issuance of a NO BAIL warrant and that the subject be brought before the Court to show cause why supervision should not be revoked. The NO BAIL warrant and this Petition to be sealed for other than law enforcement purposes and until such time that the subject has been arrested and the warrant duly executed.

Considered and ordered this 31st day of January, 2007, and ordered filed and made a part of the records in the above case.

/s/ Susan Oki Mollway
_____
SUSAN OKI MOLLWAY
U.S. District Judge

Re:     **BURTON, Andrew, JR.**
        **Criminal No. CR 00-00444SOM-02**
        **REVOCATION OF SUPERVISED RELEASE**

## STATEMENT OF FACTS

The offender pled guilty to Count 2: Possession With Intent to Distribute Five or More Grams of Cocaine Base, a Class B felony. On 4/16/2007, he was sentenced to 78 months imprisonment and 5 years supervised release with the special conditions noted in the petition. On 6/14/2005, the Court imposed the additional special condition for his placement at Mahoney Hale, a residential reentry center. This was in response to the offender's inability to secure residence prior to his release.

The offender's original supervised release commenced on 7/22/2005. After serving approximately 10 months on supervision, the offender's supervised release was revoked for drug use violations, refusing to comply with drug testing, failing to participate in substance abuse treatment, and failing to report to the Probation Office. During this term, the offender was discharged from Mahoney Hale as a program failure when Mahoney Hale staff discovered methamphetamine in the offender's room during a room inspection. The offender shared his room with three BOP inmates. The three BOP inmates were returned to the Federal Detention Center, and the offender was discharged from Mahoney Hale.

The offender's second term of supervised release commenced on 1/17/2007. The offender was referred to the Freedom Recovery Services, Inc., for substance abuse counseling and random drug testing. The offender also secured employment at the Cheesecake Factory as a dish washer and began employment on 1/19/2007. His work hours were 5:30 p.m. to 2:00 a.m. and he was given until 4:30 a.m. to return to Mahoney Hale. However, he failed to return to the facility and his whereabouts were unknown. The violations are as follows:

**Violation Nos. 1 and 2- The offender was discharged from Mahoney Hale and failed to notify the probation officer of a change in residence and his whereabouts are unknown:** On 1/30/2007, Fran Cuesta, Mahoney Hale Director, reported that the offender failed to return to the facility by 4:30 a.m. as required. The offender did not contact the facility. He was subsequently discharged from Mahoney Hale as a program failure. The offender did not contact this officer and his whereabouts are unknown.

The offender has a criminal history category of III and has prior convictions for a drug offense, for Theft, and Harassment during which the offender was involved in a struggle with a police officer during his arrest. The offender has served supervision terms with the State of Hawaii Adult Probation and Federal Probation. His supervision adjustment under both jurisdictions was poor. The offender also has a history of crack cocaine abuse. Despite being given the opportunity at Mahoney Hale to stabilize his life and save money, the offender chose to abscond from supervision.

Re:  **BURTON, Andrew JR.**
     **Criminal No. CR 00-00444SOM-02**
     **REVOCATION OF SUPERVISED RELEASE**
     **STATEMENT OF FACTS - Page 2**

It is recommended that the Court issue a No Bail warrant for his appearance to show cause why supervision should not be revoked.

Respectfully submitted by,

MERILEE N. LAU
U.S. Probation Officer

Approved by:

GENE DeMELLO, JR.
Supervising U.S. Probation Officer

MNL/dck

Re:   BURTON, Andrew JR.
      Criminal No. CR 00-00444SOM-02
      REVOCATION OF SUPERVISED RELEASE
      STATEMENT OF FACTS - Page 3

**NOTICE OF ADDITIONAL CONDITION(S) OF SUPERVISION THAT MAY WARRANT CONSIDERATION**

None at this time.

AO 245D (Rev. 8/96) Sheet 1 - Judgment in a Criminal Case for Revocation

ORIGINAL

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

JUN 0 2 2006

at __1__ o'clock and ____ min ____ M
SUE BEITIA, CLERK

# United States District Court
## District of Hawaii

UNITED STATES OF AMERICA
v.
**ANDREW H. BURTON, JR.**
(Defendant's Name)

JUDGMENT IN A CRIMINAL CASE
(For **Revocation** of Probation or Supervised Release)
(For Offenses committed on or after November 1, 1987)

Criminal Number: 1:00CR00444-002
USM Number: 87937-022

Loretta Faymonville AFPD
Defendant's Attorney

**THE DEFENDANT:**

[✓]   admitted guilt to violation of condition <u>General Condition; Standard Conditions Nos. 2 and 3; Special Condition No. 1; and 18 U.S.C. 3583(g)(3)</u> of the term of supervision.
[ ]   was found in violation of condition(s) _____ after denial or guilt.

| Violation Number | Nature of Violation | Date Violation Occurred |
|---|---|---|
| See next page. | | |

The defendant is sentenced as provided in pages 2 through _7_ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

[ ]   The defendant has not violated condition(s) _____ and is discharged as to such violation(s) condition.

IT IS FURTHER ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.

Defendant's Soc. Sec. No.:  7844

Defendant's Residence Address:
**Unknown**

Defendant's Mailing Address:
**Unknown**

MAY 23, 2006
Date of Imposition of Sentence

_____
Signature of Judicial Officer

**SUSAN OKI MOLLWAY**, United States District Judge
Name & Title of Judicial Officer

JUN 0 1 2006
Date

AO 245 D (Rev. 3/95) Judgment in a Criminal Case for Revocation Sheet I

CASE NUMBER: 1:00CR00444-002
DEFENDANT: ANDREW H. BURTON, JR.

Judgment - Page 2 of 7

## ADDITIONAL VIOLATION

| Violation Number | Nature of Violation | Date Violation Concluded |
| --- | --- | --- |
| 1 | Subject's urine specimen submitted tested positive for cocaine, THC, amphetamine and methamphetamine | 11/22/05 |
| 2 | Subject admitted to smoking crack cocaine every other day since 11/20/05 | 12/2/05 |
|  | Subject admitted that he smoked crack cocaine | 12/6/05 |
| 3 | Subject refused to comply with drug testing | 11/28/05  12/7/05 |
| 4 | Subject failed to submit monthly supervision reports for September 2005, October 2005, and November 2005 |  |
| 5 | Subject failed to report as instructed by the probation officer | 12/12/05 |
| 6 | Subject failed to enter The Salvation Army Adult Rehabilitation Center as instructed by the probation officer |  |

AO 245B (Rev. 12/03) Sheet 2 - Imprisonment

CASE NUMBER:      1:00CR00444-002                                          Judgment - Page 3 of 7
DEFENDANT:        ANDREW H. BURTON, JR.

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of EIGHT (8) MONTHS .

[ ]      The court makes the following recommendations to the Bureau of Prisons:

[✔]      The defendant is remanded to the custody of the United States Marshal.

[ ]      The defendant shall surrender to the United States Marshal for this district.
         [ ] at ___ on ___.
         [ ] as notified by the United States Marshal.

[ ]      The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
         [ ] before _ on ___.
         [ ] as notified by the United States Marshal.
         [ ] as notified by the Probation or Pretrial Services Officer.

## RETURN

I have executed this judgment as follows:

_____
_____
_____

         Defendant delivered on_____ to _____
at _____ , with a certified copy of this judgment.

                                                          _____
                                                          UNITED STATES MARSHAL

                                                  By      _____
                                                          Deputy U.S. Marshal

AO 245B (Rev. 12/03) Sheet 3 - Supervised Release

CASE NUMBER: 1:00CR00444-002  
DEFENDANT: ANDREW H. BURTON, JR.

Judgment - Page 4 of 7

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of FIFTY TWO (52) MONTHS.

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state, or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of commencement of supervision and at least two periodic drug tests thereafter. The defendant to submit up to a maximum of one valid drug test per day as directed by the Probation Office.

[ ]  The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check if applicable.)

[✔]  The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon (Check if applicable.)

[✔]  The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check if applicable.)

[ ]  The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check if applicable.)

[ ]  The defendant shall participate in an approved program for domestic violence. (Check if applicable.)

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow instructions of the probation officer;
4) the defendant shall support his or her dependants and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training or other acceptable reasons;
6) the defendant shall notify the probation officer ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B (Rev. 12/03) Sheet 3 - Supervised Release

| | | |
|---|---|---|
| CASE NUMBER: | 1:00CR00444-002 | Judgment - Page 5 of 7 |
| DEFENDANT: | ANDREW H. BURTON, JR. | |

## SPECIAL CONDITIONS OF SUPERVISION

1. That the defendant shall participate in and comply with substance abuse treatment which includes drug and alcohol testing in a program approved by the Probation Office. The defendant is to refrain from the possession and/or use of alcohol while participating in substance abuse treatment.

2. That the defendant execute all financial disclosure forms, and provide the Probation Office and the Financial Litigation Unit of the U.S. Attorney's Office access to any requested financial information to include submitting to periodic debtor's examinations as directed by the Probation Office.

**ACKNOWLEDGMENT OF CONDITIONS**

I have read or have had read to me the conditions of supervision set forth in this judgment and I fully understand them. I have been provided a copy of them.

I understand that upon finding of a violation of probation or supervised release, the Court may (1) revoke supervision, (2) extend the term of supervision, and/or (3) modify the conditions of supervision.

X _[signature]_  Date 1/17/07
Defendant

_[signature]_ Date 1-17-07
United States Probation Officer

AO 245 S (Rev. 12/03) Sheet 5, Part B - Criminal Monetary Penalties

| | | |
|---|---|---|
| CASE NUMBER: | 1:00CR00444-002 | Judgment - Page 6 of 7 |
| DEFENDANT: | ANDREW H. BURTON, JR. | |

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

| | Assessment | Fine | Restitution |
|---|---|---|---|
| Totals: | $ | $ 1,500.00 | $ |

[ ]  The determination of restitution is deferred until    . An *Amended Judgment in a Criminal Case* (AO245C) will be entered after such a determination.

[ ]  The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. §3664(i), all non-federal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss*** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
| | | | |

| **TOTALS** | $ __ | $ __ | |

[ ]  Restitution amount ordered pursuant to plea agreement    $ __

[ ]  The defendant must pay interest on restitution and a fine of more than $2500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. §3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. §3612(g).

[ ]  The court determined that the defendant does not have the ability to pay interest and it is ordered that:

   [ ]   the interest requirement is waived for the      [ ] fine      [ ] restitution

   [✔]   the interest requirement for the   [✔] fine      [ ] restitution is modified as follows:

Interest is waived while the defendant is serving his term of imprisonment and shall commence to accrue on any remaining balance upon his release on supervision.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

AO 245 S (Rev. 12/03) Sheet 5, Part B - Criminal Monetary Penalties

CASE NUMBER:      1:00CR00444-002　　　　　　　　　　　　　　　　　　　　Judgment - Page 7 of 7
DEFENDANT:        ANDREW H. BURTON, JR.

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

A　[ ]　Lump sum payment of $ _ due immediately, balance due
　　　　[ ]　not later than _ , or
　　　　[ ]　in accordance　　[ ] C,　　[ ] D,　　[ ] E, or　[ ] F below, or

B　[✔]　Payment to begin immediately (may be combined with　[ ] C,　[ ] D, or　[ ] F below); or

C　[ ]　Payment in equal _ (e.g., weekly, monthly, quarterly) installments of $ _ over a period of _ (e.g., months or years), to commence _ (e.g., 30 or 60 days) after the date of this judgment ; or

D　[ ]　Payment in equal _ (e.g., weekly, monthly, quarterly) installments of $ _ over a period of _ (e.g., months or years), to commence _ (e.g., 30 or 60 days) after the release from imprisonment to a term of supervision; or

E　[ ]　Payment during the term of supervised release will commence within _ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F　[✔]　Special instructions regarding the payment of criminal monetary penalties:
That the fine of $1,500.00 is due immediately except that the defendant may use the funds that he presently has for his personal needs while he is incarcerated. Any remaining balance that remains owing when the defendant is released from confinement shall be paid using amounts that the defendant has in his prison account. If the defendant does not have enough to clear the fine, then any remaining balance upon release from confinement be paid during the period of supervision on an installment basis according to the collection policy of the Probation Office but at a rate of not less than 10 percent of his monthly gross income.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the Clerk of the Court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

[ ]　Joint and Several

　　Defendant and Co-Defendant Names and Case Numbers (including defendant number, Total Amount, Joint and Several Amount, and corresponding pay, if appropriate.

[ ]　The defendant shall pay the cost of prosecution.

[ ]　The defendant shall pay the following court cost(s):

[ ]　The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.